IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

FREDRICK KISER                          §

v.                                      §          CIVIL ACTION NO. 5:20cv197

KEVIN SYMON LAINE                       §

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Frederick Kiser, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.  The sole named Defendant is Plaintiff's defense counsel, Kevin Laine.

**I. The Plaintiff's Complaint**

Plaintiff complains that Laine provided ineffective assistance and violated attorney-client privilege by discussing his case outside of their legal team. Plaintiff contends that Laine prepared no defense, did not communicate with him at all prior to trial, and did not file any motions which Plaintiff requested, but instead relied on the veracity of the witness statements in the State's file. He states that he filed a grievance with the State Bar of Texas and Laine received an agreed private reprimand.

**II. Discussion**

The Fifth Circuit has held that in order to state a claim under the Civil Rights Act, 42 U.S.C. §1983, a plaintiff must allege facts tending to show that he has been deprived of a right secured by the Constitution and laws of the United States and that the deprivation was caused by a person or persons acting under color of state law. *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999).  Criminal defense attorneys, whether retained or court-appointed, are not state actors and thus

1

cannot be sued under §1983. *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *see also Searcy v. Trochesset*, slip op. no. 21-40500, 2022 U.S. App. LEXIS 21504, 2022 WL 3096849 (5th Cir., August 3, 2022) (affirming dismissal of criminal defense attorneys from civil rights lawsuit because the attorneys were not state actors). Because Plaintiff does not allege, much less show, that the sole named Defendant in this case acted under color of state law, he cannot maintain a civil rights lawsuit against the Defendant.

## III. Conclusion

Title 28 U.S.C. § 1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc*., 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In contrast, a claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Plaintiff's complaint lacks an arguable basis in law and fails to state a claim upon which relief may be granted because the sole named Defendant did not act under color of state law and thus cannot be sued under the Civil Rights Act. Plaintiff's lawsuit should be dismissed.

RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit should have no effect upon any remedies which may be available to the Plaintiff in habeas corpus or in the courts of the State of Texas.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 17th day of November, 2022.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE

3